1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEORGE E. NERVIK, | CASE NO. C11-5727RJB |
| Plaintiff, | ORDER ON MOTION TO DISMISS |
| v. | |
| WASHINGTON STATE DEPARTMENT OF LICENSING; WASHINGTON STATE OFFICE OF ADMINISTRATIVE HEARINGS; WASHINGTON STATE ATTORNEY GENERAL'S OFFICE; ELIZABETH A. LUCE; FREDERICK STEPHENS; CLEOTIS BORNER, JR.; RALPH C. BIRKEDAHL; WILLIAM D. SANTUFF; SYDNEY W. BECKETT; ROBERT S. HAENKE; DENISE E. GRAVES; LELAND A MALOTT; JERALD R. ANDERSON; RICHARD A. BECKER; JODY CAMPBELL; MARTHA LANTZ; DIANE L. MCDANIEL; ROBERT M. MCKENNA; JAMES D. STANFORD; ARTHUR C. WANG; LINDA MORAN; LINDA S. SULLIVAN-COLGLAZIER; SUSAN R. SACKETT-DANPULLO; SUSAN E. THOMSEN; JERRY MACDONALD; ANDREA ARCHER; JOHN DOES 1-99; | |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON MOTION TO DISMISS- 1

1   JANE DOES 1-99;

2                   Defendants.

3          This matter comes before the court on Defendants' motion to dismiss.  Dkt. 50.  The

4   court has considered the relevant documents and the remainder of the file herein.

5                                    PROCEDURAL HISTORY

6          On September 12, 2011, Plaintiff filed a complaint claiming his civil rights had been

7   violated under 42 U.S.C. § 1981, 42 U.S.C. § 1982, 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42

8   U.S.C. § 1986, and 42 U.S.C. § 1988.  Dkt. 1.  The allegations are difficult to understand, but the

9   court here attempts to set forth the facts supporting his claims.

10         Plaintiff's complaint is based on events starting in 2000, when according to Plaintiff,

11  personnel from the Washington State Department of Licensing Appraisal Program approached

12  him about fixing or approving appraisals performed by an appraiser trainee.  Dkt. 1 at 7.

13  Apparently, the Department of Licensing took administrative action against Plaintiff in 2001.

14  Dkt. 1 at 8.  Plaintiff alleges he was subjected to "star chamber" proceedings as part of this

15  process.  Dkt. 1 at 9.  According to Plaintiff's complaint, his appeals in state court were

16  successful.  Dkt. 1 at 9.  Plaintiff requests as relief $10,200,000.00.  Dkt. 1 at 10.

17         On January 23, 2012, Defendants filed a motion for a more definite statement under Fed.

18  R. Civ. P. 12(e), claiming that Plaintiff fails to specify the actions of each Defendant in support

19  of his claims, fails to notify each Defendant of the specific cause of action being asserted against

20  that Defendant, and fails to include the approximate dates upon which most of the allegations

21  occurred.  Dkt. 16 at 3.  In the motion for a more definite statement, Defendants requested that

22  this court enter an order to strike Plaintiff's complaint unless Plaintiff filed an amended

23  complaint within 14 days of such an order.  Dkt. 16 at 6.

24

1    On February 10, 2012, Plaintiff responded to the motion for a more definite statement.

2  Dkt. 41.  In his response, Plaintiff stated he did not object to filing an amended complaint, and

3  requested 45 days in which to do so.  Dkt. 41 at 2.  So that the Defendants would have the

4  opportunity to reply, the court re-noted the motion for a more definite statement (Dkt. 16) for

5  February 17, 2012.  Dkt. 42.

6    On February 14, 2012, Defendants replied.  Dkt. 45.  Defendants did not object to

7  Plaintiff's request for additional time (45 days) to file his amended complaint.  Dkt. 45 at 1.

8    On February 21, 2012, the court entered an order granting Defendants' motion for a more

9  definite statement pursuant to Fed. R. Civ. P. 8(a) and Fed. R. Civ. P. 12(e).  Dkt. 48.  In the

10  court's order granting the motion for a more definite statement, the court ordered Plaintiff to file

11  an amended complaint by April 9, 2012, setting forth:  (1) The specific acts of each individual

12  Defendant that Plaintiff relies upon to support the relief sought; (2) The approximate date when

13  such acts took place; and (3) The specific causes of action that Plaintiff asserts against each

14  individual Defendant.  Dkt. 48 at 4.

15    Plaintiff did not file an amended complaint by the deadline.

16    On April 10, 2012, Defendants filed this motion to dismiss.  Dkt. 50.  Defendants ask that

17  the court dismiss Plaintiff's claims with prejudice pursuant to Fed. R. Civ. P. 12(e) and 41(b).

18  Dkt. 50 at 2.  The motion was noted for May 4, 2012.

19    Plaintiff has not responded to Defendants' motion to dismiss.

20    On May 1, 2012, Defendants filed a reply memorandum in support of the motion to

21  dismiss.  Dkt. 51.  Defendants request that the court dismiss Plaintiff's claims with prejudice,

22  because Plaintiff has not filed an amended complaint, nor has Plaintiff responded to Defendants'

23  motion to dismiss.  Dkt. 51 at 1.

24

ORDER ON MOTION TO DISMISS- 3

1
### LEGAL STANDARD

2      Fed. R. Civ. P. 41(b) provides:

3       If the plaintiff fails to prosecute or to comply with these rules or a court order, a
       defendant may move to dismiss the action or any claim against it.  Unless the dismissal
4      order states otherwise, a dismissal under this subdivision (b) and any dismissal not under
       this rule--except one for lack of jurisdiction, improper venue, or failure to join a party
5      under Rule 19--operates as an adjudication on the merits.

6      A complaint that fails to comply with Fed. R. Civ. P. 8(a) may be dismissed with

7  prejudice pursuant to Fed. R. Civ. P. 41(b).  *E.g.*, *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d

8  671, 673-74 (9th Cir. 1981) (citations omitted).  However, the rule also allows a court to dismiss

9  without prejudice.  Fed. R. Civ. P. 41(b) (providing that [u]nless the dismissal order *states*

10  *otherwise*, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

11  (emphasis added)).

12
### DISCUSSION

13      Plaintiff's complaint (Dkt. 1) was deficient, which Plaintiff appears to acknowledge in his

14  response indicating he did not object to filing an amended complaint.  *See* Dkt. 41.  In the order

15  granting Defendants' motion for a more definite statement, the court instructed Plaintiff that if he

16  did not file an amended complaint that is sufficient to state a claim by April 9, 2012, the court

17  may dismiss the case without prejudice.  Dkt. 48 at 5.

18      Plaintiff has had ample opportunity to file an amended complaint, and has failed to do so,

19  nor has Plaintiff filed a response to this motion.  In accord with W.D. Wash. Local Civil Rule

20  7(b)(2), the court also deems the failure to respond to be an admission that the motion has merit.

21  For these reasons, the court should dismiss the case.

22

23

24

ORDER ON MOTION TO DISMISS- 4

ORDER

1

2      Accordingly, it is hereby

3      **ORDERED** that Defendants' motion to dismiss (Dkt. 50) is **GRANTED** in part and

4 **DENIED** in part as follows:

5      Defendants' motion to dismiss Plaintiff's claims in their entirety is **GRANTED**, and the

6 case is **DISMISSED WITHOUT PREJUDICE**.

7      The Clerk is directed to send uncertified copies of this Order to all counsel of record and

8 to any party appearing *pro se* at said party's last known address.

9      Dated this 4th day of May, 2012.

10

11

12      ROBERT J. BRYAN
      United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24